<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

</div>

```
COTTRELL STEWART,              :
                              :   Civil Action No. 12-2885 (JBS)
          Petitioner,         :
                              :
          v.                  :   MEMORANDUM OPINION
                              :
CAMDEN COUNTY CORRECTIONAL     :
FACILITY,                     :
                              :
          Respondent.         :
```

**APPEARANCES:**

Cottrell Stewart
Camden County Correctional Facility
Camden, New Jersey 08102
     Petitioner pro se

**SIMANDLE,** Chief Judge:

     Petitioner Cottrell Stewart, a prisoner confined at Camden County Correctional Facility in Camden, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for violation of probation.  According to the allegations of the Petition, the conviction was entered on April 20, 2012.  This Petition is dated May 7, 2012, a mere 17 days after entry of the challenged judgment of conviction.

     Petitioner alleges that he has appealed the conviction to the Superior Court of New Jersey, Appellate Division, but that there has been no decision as of the date the Petition was signed.  Petitioner alleges the following grounds for relief: (1) lack of subject matter jurisdiction, (2) selective

enforcement, (3) ineffective assistance of counsel, and
(4) violation of due process.

Petitioner has been provided the notice required by Mason v.
Meyers, 208 F.3d 414 (3d Cir. 2000), and has advised the Court
that he wants his Petition ruled upon as filed.  Petitioner has
also filed a Motion [4] for appointment of counsel, which
consists of a single-sentence request for assistance of counsel.

A.   Filing Fee

The filing fee for a petition for writ of habeas corpus is
$5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is
required to be paid at the time the petition is presented for
filing.  Pursuant to Local Civil Rule 81.2(b), whenever a
prisoner submits a petition for writ of habeas and seeks to
proceed in forma pauperis, that petitioner must submit (a) an
affidavit setting forth information which establishes that the
petitioner is unable to pay the fees and costs of the
proceedings, and (b) a certification signed by an authorized
officer of the institution certifying (1) the amount presently on
deposit in the prisoner's prison account and, (2) the greatest
amount on deposit in the prisoners institutional account during
the six-month period prior to the date of the certification.  If
the institutional account of the petitioner exceeds $200, the
petitioner shall not be considered eligible to proceed in forma
pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis. Petitioner did provide the Court with a single-page incomplete and uncertified institutional account statement from Camden County Correctional Facility, dated April 25, 2012, and titled "RELEASE STATEMENT."

Accordingly, this action will be administratively terminated for failure to pay the filing fee. To the extent the inclusion of the incomplete institutional account statement could be construed as an application for leave to proceed in forma pauperis, such application will be denied without prejudice. Petitioner will be granted leave to apply to re-open by either prepaying the $5 filing fee or submitting a complete application for leave to proceed in forma pauperis, accompanied by the required certified institutional account statement.

In addition, the Petition as filed suffers from additional deficiencies as described below. Any application to re-open must be accompanied by a proposed amended petition that cures those deficiencies.

B. Failure to Name a Proper Respondent

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243

("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004) (citations omitted).

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." See also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973).

4

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.  Under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition is subject to dismissal.

Accordingly, should Petitioner apply to re-open this matter, he must accompany such application with a proposed amended petition naming a proper respondent.

C.   Exhaustion of State Remedies

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render

5

such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  <u>See</u>
<u>also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v.</u>
<u>Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532
U.S. 919 (2001) (finding that "Supreme Court precedent and the
AEDPA mandate that prior to determining the merits of [a]
petition, [a court] must consider whether [petitioner] is
required to present [his or her] unexhausted claims to the
[state's] courts").

    The exhaustion requirement is intended to allow state courts
the first opportunity to pass upon federal constitutional claims,
in furtherance of the policies of comity and federalism.
<u>Granberry v. Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-
18.  Exhaustion also has the practical effect of permitting
development of a complete factual record in state court, to aid
the federal courts in their review.  <u>Rose</u>, 455 U.S. at 519.

    A petitioner must exhaust state remedies by presenting his
federal constitutional claims to each level of the state courts
empowered to hear those claims, either on direct appeal or in
collateral post-conviction proceedings.  <u>See</u>, <u>e.g.</u>, <u>O'Sullivan v.</u>

---

    [1] Exhaustion of state remedies has been required for more
than a century, since the Supreme Court's decision in <u>Ex parte</u>
<u>Royall</u>, 117 U.S. 241 (1886).  The exhaustion doctrine was first
codified at 28 U.S.C. § 2254 in 1948, <u>see</u> <u>Rose v. Lundy</u>, 455 U.S.
509, 516-18 (1982), and more recently was the subject of
significant revisions in the Antiterrorism and Effective Death
Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24,
1996).

6

Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Moreover, the exhaustion doctrine is a "total" exhaustion rule.  That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]."  Lundy, 455 U.S. at 522.  At the time Lundy was

decided, there was no statute of limitations on the filing of federal habeas petitions.  The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[2] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'"  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  ...  [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

---

[2] See 28 U.S.C. § 2244(d).

...

     On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

In the present case, this Petition was filed less than a month after entry of the challenged judgment and Petitioner

9

admits in the Petition that he has not exhausted his state remedies.  Dismissal at this time for failure to exhaust state remedies would not subject Petitioner to any federal statute-of-limitations problems that would justify staying this matter pending exhaustion of Petitioner's state remedies.

Further, Petitioner has neither asserted nor demonstrated an absence of available state process.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.

For the foregoing reasons, any application to re-open this matter must be accompanied by a proposed amended petition clearly setting forth Petitioner's efforts to exhaust his state remedies and the results of those proceedings.

D.   Motion for Appointment of Counsel

Petitioner has submitted a single-sentence Motion [4] requesting appointment of counsel.

There is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d).  Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may

appoint counsel to represent an indigent habeas petitioner if it
determines "that the interests of justice so require."  See also
28 U.S.C. § 1915(e) (permitting appointment of counsel for
indigent civil litigants proceeding in forma pauperis).

In exercising its discretion under §3006A,

the district court must first decide if the petitioner
has presented a nonfrivolous claim and if the
appointment of counsel will benefit the petitioner and
the court.  Factors influencing a court's decision
include the complexity of the factual and legal issues
in the case, as well as the pro se petitioner's ability
to investigate facts and present claims.  Courts have
held, for example, that there was no abuse of a
district court's discretion in failing to appoint
counsel when no evidentiary hearing was required and
the issues in the case had been narrowed, or the issues
were "straightforward and capable of resolution on the
record," or the petitioner had "a good understanding of
the issues and the ability to present forcefully and
coherently his contentions."

Reese, 946 F.2d at 263-4 (citations omitted).

This standard is essentially the same as that applied under
28 U.S.C. § 1915(e).  See Parham v. Johnson, 126 F.3d 454, 456-57
(3d Cir. 1997).  In determining whether to appoint counsel to
civil litigants proceeding in forma pauperis, a court should
consider the following factors:

As a preliminary matter, the plaintiff's claim must
have some merit in fact and law. ... If the district
court determines that the plaintiff's claim has some
merit, then the district court should consider the
following factors:
        (1) the plaintiff's ability to present his or her
own case;
        (2) the complexity of the legal issues;

11

        (3) the degree to which factual investigation will
be necessary and the ability of the plaintiff to pursue
such investigation;
        (4) the amount a case is likely to turn on
credibility determinations;
        (5) whether the case will require the testimony of
expert witnesses;
        (6) whether the plaintiff can attain and afford
counsel on his own behalf.
[Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir.
1993), cert. denied, 510 U.S. 1196 (1994).]  This list
of factors is not exhaustive, but instead should serve
as a guide post for the district courts.
        Correspondingly, courts should exercise care in
appointing counsel because volunteer lawyer time is a
precious commodity and should not be wasted on
frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

     Analysis of these factors reveals that appointment of

counsel is not appropriate at this time.  As a preliminary

matter, the Petition appears to be premature.  It does not appear

that Petitioner has exhausted his state remedies.  In the absence

of any record of exhaustion of state remedies, it cannot be said

that Petitioner's claims have any merit in fact or in law.  As to

the remaining factors, Petitioner has failed to provide this

Court with any information.  Accordingly, the Motion will be

denied without prejudice.

E.   Certificate of Appealability

     Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or

judge issues a certificate of appealability, an appeal may not be

taken from a final order in a proceeding under 28 U.S.C. § 2254.

A certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S.Ct. 1029, 1034 (Feb. 25, 2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural rulings. Accordingly, no certificate of appealability will issue.

<p align="center">CONCLUSION</p>

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

<p align="center">13</p>

Any such application for leave to re-open must be accompanied by a proposed amended petition that cures the defects described herein.

    An appropriate Order will be entered.


                                     **_s/ Jerome B. Simandle_**
                                     Jerome B. Simandle
                                     Chief Judge
                                     United States District Court

Dated:  **July 19, 2012**