```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


COTTRELL STEWART,               :
                                :    Civil Action No. 12-2885 (JBS)
            Petitioner,         :
                                :
       v.                       :    MEMORANDUM OPINION
                                :
CAMDEN COUNTY CORRECTIONAL      :
FACILITY,                       :
                                :
            Respondent.         :
```

**APPEARANCES:**

Petitioner pro se
Cottrell Stewart
Camden County Correctional Facility
Camden, New Jersey 08102

**SIMANDLE**, Chief Judge

Petitioner Cottrell Stewart, a prisoner confined at Camden County Correctional Facility in Camden, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for violation of probation. According to the allegations of the Petition, the conviction was entered on April 20, 2012. The initial Petition is dated May 7, 2012, a mere 17 days after entry of the challenged judgment of conviction.

By Opinion and Order [5, 6] entered July 20, 2012, this Court administratively terminated this action, for failure to pay the filing fee, and also noted a number of deficiencies in the Petition, directing Petitioner to accompany any application to

re-open with an amended petition curing those deficiencies.[1] More specifically for present purposes, in its prior Opinion and Order, this Court noted that the allegations of the Petition indicated that Petitioner had failed to exhaust his state remedies and directed that any amended petition must clearly set forth Petitioner's efforts to exhaust his state remedies and the results of those proceedings.

This matter is again before the Court upon Petitioner's submission of an Amended Petition [8] and accompanying Application for leave to proceed in forma pauperis.[2]

Because it appears that Petitioner is not entitled to issuance of the writ at this time, the Court will dismiss the Petition without prejudice.  See 28 U.S.C. § 2243.

I.  BACKGROUND

Petitioner asserts that on April 20, 2012, he was found guilty of violating his probation and was sentenced to 364 days in the Camden County Correctional Facility.  He asserts that he appealed this judgment on April 26, 2012, and that the appeal remains pending before the Superior Court of New Jersey, Appellate Division.  Petitioner states that he has also filed a

---

[1] Petitioner was provided the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and advised the Court that he wanted his Petition ruled upon as filed.

[2] This Court will grant the Application for leave to proceed in forma pauperis and will direct the Clerk of the Court to re-open this matter.

motion for post-conviction relief and/or a motion for reconsideration of the sentence with the trial court.

The initial Petition in this matter was dated May 7, 2012, only a few days after the date of the challenged state court judgment. The amended petition is dated July 22, 2012.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). See also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ... ." (emphasis added)).

Moreover, "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. at 856. A petition must "specify all the grounds for relief" and must set forth "facts supporting each ground." See Rule 2(b) of the Rules

Governing Section 2254 Cases in the United States District Courts.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[3]  28 U.S.C. § 2254(b)(1).  See

---

[3] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first

also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary

---

codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

5

appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Moreover, the exhaustion doctrine is a "total" exhaustion rule.  That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]."  Lundy, 455 U.S. at 522.  At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions.  The enactment in 1996 of a one-year

6

limitations period for § 2254 habeas petitions,[4] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'"  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  ...  [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...

---

[4] See 28 U.S.C. § 2244(d).

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

In the present case, this Petition was filed less than a month after entry of the challenged judgment and Petitioner admits in the Petition and Amended Petition that he has not

exhausted his state remedies.  Further, Petitioner has neither asserted nor demonstrated an absence of available state process.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987.  There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.

   Dismissal at this time for failure to exhaust state remedies would not subject Petitioner to any federal statute-of-limitations problems that would justify staying this matter pending exhaustion of Petitioner's state remedies. Accordingly, the Petition will be dismissed without prejudice for failure to exhaust state court remedies.

## IV.   CERTIFICATE OF APPEALABILITY

   Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

9

to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S.Ct. 1029, 1034 (Feb. 25, 2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural rulings. Accordingly, no certificate of appealability will issue.

## V.  CONCLUSION

For the reasons set forth above, this action will be dismissed without prejudice for failure to exhaust state remedies. An appropriate Order will be entered.

        **s/ Jerome B. Simandle**
Jerome B. Simandle
Chief Judge
United States District Court

Dated: **August 30, 2012**

10